NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

CREATIVE KINGDOMS, LLC, AND
NEW KINGDOMS, LLC,
*Appellants,*

v.

INTERNATIONAL TRADE COMMISSION,
*Appellee,*

AND

NINTENDO CO., LTD., AND
NINTENDO OF AMERICA, INC.,
*Intervenors.*

2014-1072

Appeal from the United States International Trade Commission in Investigation No. 337-TA-770.

Decided: December 19, 2014

JAMES R. BARNEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, argued for appellants. With him on the brief were ELIZABETH D. FERRILL and LAURENCE M. SANDELL.

SIDNEY A. ROSENZWEIG, Attorney Advisor, Office of the General Counsel, United States International Trade Commission, of Washington, DC, argued for appellee. On the brief were DOMINIC L. BIANCHI, General Counsel, WAYNE W. HERRINGTON, Assistant General Counsel and JIA CHEN, Attorney Advisor.

STEPHEN R. SMITH, Cooley LLP, of Reston, Virginia, for intervenors. With him on the brief were THOMAS J. FRIEL, JR., of San Francisco, California, and STEPHEN C. NEAL, TIMOTHY S. TETER and MATTHEW J. BRIGHAM, of Palo Alto, California.

————————————

Before NEWMAN, BRYSON, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Creative Kingdoms, LLC and New Kingdoms, LLC (collectively, "Creative Kingdoms") appeal the International Trade Commission's ("Commission") finding that Nintendo Co., Ltd. and Nintendo of America, Inc. (collectively, "Nintendo") did not violate § 337 of the Tariff Act of 1930 by importing, selling for importation, or selling certain video game systems and controllers. Specifically, Creative Kingdoms challenges the Commission's determination that claim 7 of U.S. Patent No. 7,500,917 (the "'917 Patent") and claim 24 of U.S. Patent No. 7,896,742 (the "'742 Patent") (collectively, "the asserted claims") are invalid for lack of enablement and written description, that the accused Nintendo products do not infringe the asserted claims, and that Creative Kingdoms failed to establish the existence of a domestic industry relating to the patented articles. Because the Commission properly determined that the asserted claims are invalid for lack of enablement, we *affirm*.

DISCUSSION

The '917 and '742 Patents generally describe motion-sensing devices, which detect motion and generate wireless signals based on that motion to create a desired play effect in an interactive environment. Specifically, claim 7 of the '917 Patent is directed to a toy wand comprising a pair of first motion sensors, which detect a motion, and a second motion sensor, which detects a different motion from the first. These sensors then generate signals based on the detected motions, which are transmitted to a receiver to control play effects. Similarly, claim 24 of the '742 Patent is directed to a motion-sensitive device that contains two arrangements of sensors, which detect different motions and generate signals that activate or control play effects based upon those motions. The two asserted patents are related—the '742 Patent is a continuation-in-part of the '917 Patent, and it is undisputed that the relevant portions of the two specifications are the same.

The Commission concluded that the asserted claims are invalid for lack of enablement. It first determined that a novel aspect of both claims was the combination of sensors. Because the scope of the asserted claims encompasses both mechanical and electronic sensors, but the specifications do not disclose how to use multiple electronic sensors together to detect different motions, the Commission concluded that the specifications failed to enable the full scope of the asserted claims.

We agree with the Commission's enablement conclusion. "To be enabling, the specification must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *ALZA Corp. v. Andrx Pharm., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010) (citation omitted). It is well established that a specification need not disclose what is well-known

in the art, but "[i]t is the specification, [and] not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement." *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1283 (Fed. Cir. 2007) (quoting *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997)).

Here, the novelty of the asserted claims includes the use of sensors in combination, and the scope of the asserted claims includes both mechanical and electronic sensors. But the two specifications contain no guidance as to how electronic sensors, such as accelerometers and gyroscopes, can be substituted or added to detect different motions, as required by the asserted claims. Instead, the specifications merely include a laundry list of the types of electronic sensors that could be used. '917 Patent col. 10:32–42; '742 Patent col. 10:56–66. Without any further guidance, the specifications fail to disclose how to make and use the full scope of the asserted claims. Accordingly, the asserted claims are invalid for lack of enablement.

Because the Commission correctly determined that the asserted claims are invalid for lack of enablement, we need not address Creative Kingdoms' other arguments regarding written description, infringement, and domestic industry. *See Solomon Techs., Inc. v. ITC*, 524 F.3d 1310, 1320 (Fed. Cir. 2008) ("[W]e are not required to address every possible ground on which the Commission's order might be sustained."). Accordingly, we affirm the Commission's finding of no Section 337 violation.

**AFFIRMED**